## In re MULDOON.
### Patent Appeal No. 2922.

Court of Customs and Patent Appeals.
April 4, 1932.

Gifford & Scull, of New York City (Chas. S. Grindle, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying appellant's application for a patent for an alleged invention relating to a design for an electric light socket.

The claim is: "The ornamental design for an electric light socket, as shown."

The references are: Both, Design, 68,609, Nov. 3, 1925; Catalog of Bryant Electric Co., Bridgeport, Conn., page 92, figs. 131 and 102.

The patent to Both shows a plural (two-way) socket. The side socket extends at an angle of about 45 degrees. The body of the socket is ornamented by flat panels arranged vertically, and extending from an externally threaded portion at one end to an externally threaded portion at the other end. The side socket is similarly ornamented.

Figures 131 and 102 in the Catalog reference show plural or two-way sockets, the side sockets of which extend at right angles to the main body portion.

Appellant's design differs from the references in contour, and has two side sockets extending at right angles from opposite sides of the middle portion of the main body. The surface at the middle of the main body is smooth. Corrugated panels or facets of varied lengths, which extend vertically both above and below the smooth surface of the main body, are so arranged as to give the socket a very ornamental appearance.

The Board of Appeals, in affirming the decision of the Primary Examiner, said that the patent to Both disclosed "the character of a panel or facet surface ornamentation disclosed by the applicant." We are unable to concur in this view.

As hereinbefore stated, the patent to Both shows flat panels arranged vertically and extending, without interruption, substantially the entire length of the main body and on the side socket. Appellant's electric light socket, however, is ornamented with corrugated panels, differing in length, and extending vertically on the main body both above and below a smooth surface.

The Patent Office tribunals also concurred in holding that it required nothing more than the skill of the designer or artisan to so modify the references as to obtain appellant's design.

That appellant's design is both novel and ornamental is not questioned by the Patent Office tribunals nor by the Solicitor of Patents. Therefore, the sole question before us is whether the exercise of the inventive faculties was required to produce it.

After giving the matter careful consideration, we find ourselves out of harmony with the views expressed by the Board of Appeals. The references show electric light sockets, and appellant's design is for an article of like character, but there the similarity ends. We are of opinion that appellant's design is not suggested by the references; that it is not only substantially different from them, but produces a substantially different æsthetic effect; and that it involves invention.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.